### NOAH ROUSE *v.* COMMONWEALTH.

**Criminal Law—Reasonable Doubt—Instruction—Perjury.**

    An instruction in a criminal case is erroneous which fails to say to the jury that before it can convict it must believe the existence of recited facts beyond a reasonable doubt. Saying to the jury it must acquit if it has a reasonable doubt as to the guilt of the accused does not dispense with the necessity of charging it that it must believe from the evidence beyond a reasonable doubt that such facts existed before it could find the accused guilty.

#### APPEAL FROM CAMPBELL CRIMINAL COURT.

February 11, 1876.

OPINION BY JUDGE PRYOR:

The leading instruction in the case given in behalf of the commonwealth and the one reciting the facts authorizing a conviction, fails to say to the jury that they must believe the existence of these facts beyond a reasonable doubt. They were told that if they had a reasonable doubt as to the guilt of the accused they must acquit; still this did not dispense with the necessity on the part of the court in telling the jury that they must believe from the evidence beyond a reasonable doubt that such facts existed before they could find the accused guilty. The instruction is proper with this omission supplied.

The jury may believe the accused guilty and still have some doubt as to the existence of a material fact necessary to a conviction. In this case it is alleged in the indictment that the accused as a witness in the civil action made oath that the promise on the part of New York to pay was at the dinner table; and whether he made such a

statement or not being involved in much doubt, shows the importance in telling a jury on a case like this not only what facts are necessary to establish guilt, but that they must believe the existence of those facts beyond a reasonable doubt. Under the proof in this case the jury should have been told that if the promise to pay was made to Rouse at the dinner table or elsewhere they must acquit, as it is uncertain from the proof that the statement as to where the promise was made was confined to the conversation at the dinner table.

. It was also improper for the juror in the civil action to state on this trial what he regarded as the material evidence in the civil case; this was for the court and jury trying the accused to determine, and not the witness. This is a criminal case. In the civil action that had been litigated and the right of recovery established, the accused was a witness, and upon his testimony, as the proof conduces to show, a verdict was rendered for the plaintiff; and now in a criminal action against him, with the witnesses in the civil action or those who know the nature of the defense appearing as witnesses for the commonwealth, he has been found guilty of perjury. His character for truth is sustained by his neighbors. The machine was in the possession of the parties, who were made liable in the civil action, and had been for several years. The wife had made a partial payment on it of ten dollars, and it is admitted that the balance has not been paid, the only question being that the husband insists that the wife was the purchaser, and she alone responsible. This court has no power to reverse a judgment of conviction because it is against the evidence, and it is only alluded to in order to show the importance of giving to the accused the benefit of a reasonable doubt as to the existence of every material fact necessary to conviction.

The accused is entitled to a new trial. Judgment *reversed* and cause remanded with directions to award a new trial and for further proceedings consistent with the opinion.

*Duncan Roberts, for appellant.*
*R. W. Nelson, T. E. Moss, for appellee.*